UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



DEPUY SPINE HOLDING
CORPORATION, INC. as General Partner
of DEPUY SPINE SALES LIMITED
PARTNERSHIP,

    Plaintiff,

v.

JOHN MIEYR and TRINITY SPINE, INC.,

    Defendants.

Civ. Action No. 05-102770-RGS

### DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION
### OF COURT'S FEBRUARY 22, 2005 MEMORANDUM AND ORDER

John Mieyr and Trinity Spine, Inc. (collectively "Mieyr") file this Motion for Partial Reconsideration of Court's February 22, 2005 Memorandum and Order on Plaintiff's Motion for Preliminary Injunction, to seek an amendment with respect to the Territory restricted, and to obtain a time limit on the Injunction issued by the Court.

The contract at issue, attached to Plaintiff's Motion, provides in Schedule B for the Territory in which Mieyr was to have exclusive rights of solicitation, and in which the covenant was to apply. Schedule B contains three pages, the contents of which are listed below:

1.     Title page;

2.     Map of certain Texas counties, with Tarrant County blacked out. Notably, a key to the side indicates a blackened square, to differentiate the shaded from unshaded areas of the map, and the words "**Covered by T572 (Acct-Based).**" Thus, the map does not indicate that the entirety of Tarrant County is Mieyr's Territory (known as T572), but only those accounts within Tarrant county

assigned to Mieyr.

3.   A listing of those accounts, as mentioned in the key on page 2, within Tarrant County that comprised Mieyr's Territory.

Per the express terms of the contract, Mieyr did not have any right at all to solicit sales in all of Tarrant County, but only those accounts listed on page 3 of Schedule B, as the other hospitals within Tarrant County were assigned to another Sales Representative. Because the Territory was account-based and not geography-based, it is inequitable and therefore inappropriate, for the injunction to include all of Tarrant County, a territory far larger than that actually covered by the Contract.

Second, the Contract sets forth in Schedule E that the Covenant not to Compete expires six months from the termination of the Contract. Hence, the Covenant by its own terms expires on June 30, 2005, since the contract was terminated on December 31, 2005. The Contract contains no language that would extend the term of the covenant if it were breached. Therefore, the injunction should expire at the end of the contract term, or June 30, 2005.

WHEREFORE, John Mieyr and Trinity Spine, Inc. pray that the Memorandum and Order issued by this Court on February 22, 2005 be revised to limit the scope of the injunction to that of the Contract, and to limit the time of the injunction to that of the Contract.

Respectfully Submitted,

**JOHN MIEYR AND TRINITY SPINE, INC.**

By their Attorneys,

_____
Robbyn P. Wysocki
BBO#: *Pending*
Texas State Bar No. 22115600

DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION, Page 2

McCUE WYSOCKI, P.C.
14135 Midway Road, Suite 250
Addison, Texas 75001
(972) 490-0808

Jeffrey A. Dretler
BBO #558953
PRINCE, LOBEL, GLOVSKY & TYE LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

### CERTIFICATE OF SERVICE

I, Robbyn P. Wysocki, attorney for the defendants in the above referenced matter, hereby certify that on this 2nd day of March, 2005, I served the within document upon the Plaintiff by hand delivering a copy thereof to its counsel of record, Joseph F. Shea, Nutter, McClennan & Fish, LLP, World Trade Center West, 155 Seaport Boulevard, Boston, MA 02210-9628.

Robbyn P. Wysocki

### CERTIFICATE OF CONFERENCE

I, Robbyn P. Wysocki, attorney for the defendants in the above referenced matter, hereby certify that on this 2nd day of March, 2005, I telephoned Joseph F. Shea, Nutter, McClennan & Fish, LLP, World Trade Center West, 155 Seaport Boulevard, Boston, MA 02210-9628 to discuss the merits of this motion. He was out of the office. I then sent an email addressing these issues to Mr. Shea. I have not received a response at the time of the signing of this motion, and therefore do not know whether Mr. Shea assents to this motion.

Robbyn P. Wysocki