UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:  05-CV-10270-RGS

| | |
|---|---|
| DEPUY SPINE HOLDING CORPORATION, INC., As It Is General Partner Of DEPUY SPINE SALES LIMITED PARTNERSHIP, <br><br> Plaintiff, <br><br> v. <br><br> JOHN MIEYR and TRINITY SPINE, INC., <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
TO LIFT STAY AND FOR LEAVE TO FILE AMENDED COMPLAINT**

The defendants failed to arbitrate the plaintiff's claims.  Plaintiff DePuy Spine Holding Corporation, Inc., As It Is General Partner Of DePuy Spine Sales Limited Partnership ("DePuy Partnership") therefore moves the Court to lift the agreed stay pending arbitration that the Court date entered on June 6, 2005 and to allow DePuy Partnership to file an Amended Complaint because the defendants have failed to arbitrate their claims.

**FACTUAL BACKGROUND**

In March 2004, DePuy Partnership and defendants John Mieyr and Trinity Spine, Inc. (collectively, "Mieyr") executed a Sales Representative Agreement (the "Agreement").[1] Among other things, the Agreement provided that the parties would arbitrate any dispute arising under the Agreement in Boston, Massachusetts in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA").  The Agreement

---

[1] A copy of the Agreement is attached as <u>Exhibit A</u> to DePuy Partnership's Complaint and proposed Amended Complaint.

provided that any arbitration would be completed and an award rendered within four months of the appointment of the arbitrators.  Agreement, § 13(b).  The AAA appointed the third arbitrator on April 29, 2005, so that the arbitration had to be completed and an award issued by August 29, 2005.

The Agreement also provided that a party could seek injunctive relief in the United States District Court for the District of Massachusetts prior to an arbitration.  On February 10, 2005, DePuy Partnership filed this action seeking a temporary restraining order and preliminary injunction enjoining Mieyr from violating certain provisions of the Agreement.  On that date, the Court issued a temporary restraining order and on February 22, 2005 a preliminary injunction enjoining Mieyr from selling spinal implant products in Tarrant County, Texas until June 30, 2005, except that the Court allowed Mieyr to sell such products to four named physicians.  As to sales to those four physicians, the Court stated the DePuy Partnership could seek money damages.

DePuy Partnership then filed a demand for arbitration with the AAA.  Mieyr filed a response and counterclaim with the AAA.  Mieyr also participated in the selection of arbitrators, participated in a detailed scheduling conference, propounded and responded to discovery in accordance with the schedule resulting from that conference, and scheduled the AAA hearing in Boston, Massachusetts for August 16-18, 2005.  Moreover, on June 6, 2005, the Court conducted a status conference at which the parties jointly proposed that the Court stay this action pending resolution of the arbitration.  The Court agreed to that joint proposal and stayed the case.

On July 18, 2005, the afternoon before the scheduled deposition of John Mieyr in Addison, Texas, his attorney stated that Mieyr would be unavailable, and sought and received

from the AAA a continuation of the period within which his deposition might be conducted. A few days later, Mieyr announced that he would not pay the arbitrator's fees as required by AAA Commercial Arbitration Rule 50. On August 1, 2005, the AAA stated that it would dismiss the arbitration unless Mieyr paid the required fees within thirty days. Mieyr failed to do so. On September 21, 2005, the AAA gave Mieyr another fourteen days to comply and ordered that if Mieyr failed to pay by October 4, 2005, then the AAA would terminate the arbitration. Mieyr did not comply and the AAA terminated the arbitration. *See* Exhibit 1.

Having substantively participated in the arbitration and caused DePuy Partnership to devote time and money to it, Mieyr unilaterally terminated the arbitration and prevented its completion within the mandated four month period. By his actions, Mieyr has frustrated the parties' agreement to resolve all disputes under the Agreement speedily and has forced DePuy Partnership to incur needless costs and fees. Accordingly, DePuy Partnership now moves the Court to: (1) lift the stay entered on June 6, 2005; and (2) grant DePuy Partnership leave to file an Amended Complaint in the form attached as Exhibit 1 to its Motion To Lift Stay and for Leave to File Amended Complaint, filed herewith.

## I.      MIEYR WAIVED HIS RIGHT TO ARBITRATE.

DePuy Partnership sought arbitration in accordance with the terms of the parties' Agreement. Mieyr initially participated fully in the arbitration. As a tactical maneuver, however, less than one month before the scheduled arbitration Hearing Mieyr refused to pay the fees required for the arbitration to be completed. The fees were mandated by the Commercial Arbitration Rules of the AAA (which are incorporated into the Agreement) and

were thus known to Mieyr prior to the arbitration.² AAA Commercial Arbitration Rules, R. 50. The delay occasioned by Mieyr's conduct prohibited completion of the arbitration within the four month time limit set out in the Agreement.

Mieyr's actions constitute waiver of any right to arbitration. *See, e.g., Tyco International Ltd. v. Swartz,* --F.3d--, 2005 WL 2142803, *3-4 (1st Cir. Sept. 7, 2005) (based on totality of circumstances, district court reasonably concluded that defendant waived right to arbitrate). The Agreement states that the AAA's commercial arbitration rules govern the arbitration. The arbitration was dismissed because Mieyr failed to comply with those rules. Moreover, Mieyr's tactical decision to wait until the middle of July 2005 to declare that he would not pay the AAA's fees insured that the arbitration could not be completed within the four month period mandated by the Agreement and that DePuy Partnership would incur needless delay and expense. "If a party engages in deliberate delay or inaction or other efforts to frustrate the other party's attempts to arbitrate, the first party may be found to have acted in bad faith and to have impliedly waived its entitlement to arbitration. " *Domke on Commercial Arbitration*, v.1, p. 23-9 (3d ed. 2005) In this case, Mieyr's conduct had no discernible purpose but to delay resolution of the dispute, increase DePuy Partnership's costs, and interfere with DePuy Partnership's recovery. "Judicial condonation of such deliberate gamesmanship directly conflicts with the oft-cited principle that arbitration is 'not meant to be another weapon in the arsenal for impairing delay and costs in the dispute resolution process.'" *Swartz*, 2005 WL 2142803, *5 (internal citation omitted).

---

² Mieyr consulted with counsel and negotiated changes to the Agreement before signing it. All of Mieyr's filings in the arbitration were through counsel.

In *Swartz*, the parties' agreement to arbitrate did not identify the agency that would administer the arbitration. After the plaintiff proposed the AAA, the defendant temporized and the AAA ultimately terminated the arbitration because the defendant never consented to its administration. When the plaintiff then filed a lawsuit, the defendant argued that the plaintiff had to arbitrate its claim. The First Circuit unhesitatingly upheld the district court's finding of waiver. *See also Menorah Ins. Co. v. INX Reinsurance Corp.,* 72 F 3d 218, 221 (1st Cir. 1995) defendant explicitly and impliedly waived right to arbitrate). Here, the AAA terminated the arbitration because Mieyr flouted the rules he had agreed to. As with the defendant in *Swartz*, Mieyr "deliberate gamesmanship directly conflicts with" the purposes of arbitration. Having jointly requested a stay pending the arbitration, and then having subverted the arbitration, Mieyr cannot now argue that DePuy Partnership must arbitrate its claims. Like the defendant in *Menorah*, Mieyr's "entire course of conduct" constitutes a waiver. *INX*, 72 F.3d at 221.

Mieyr's conduct prejudiced DePuy Partnership. DePuy Partnership agreed to arbitrate its claims in return for, *inter alia*, a resolution of disputes within four months of the selection of arbitrators. "Even as justice delayed may amount to justice denied, so it is with arbitration." "*Swartz*, 2005 WL 2142803, *4. Mieyr further prejudiced DePuy Partnership by forcing it to expend money in the arbitration, "in filing its doomed AAA demand for arbitration," and in having to file its motion and proposed Amended Compliant. "[I]t cannot be disputed that [plaintiff] is 'out its expenses'." *Id*. at 4. Mieyr's actions frustrates the purposes of the arbitration provision. "The scenario here. . .undermines both the certainty and predictability which arbitration agreements are meant to foster." *Menorah,* 72 F.3d at 223.

Accordingly, the Court should lift the stay so that DePuy Partnership can pursue its damages claims against Mieyr.

### II. ALLOWING DEPUY PARTNERSHIP TO AMEND ITS COMPLAINT WILL NOT PREJUDICE MIEYR.

Rule 15 provides that leave to amend shall be freely given. Generally, a court will deny a motion to amend only upon a showing of good cause. *See, e.g., Carmona v. Toledo,* 215 F.3d 124, 136 (1st Cir. 2000) (First Circuit will not uphold denial of motion for leave to amend under there is good reason for denial, such as bad faith, dilatory motive, or futility). In this case, DePuy Partnership must seek leave to amend only because of Mieyr's successful efforts to frustrate the parties' agreed means and timetable for dispute resolution. There has been no delay or bad faith on DePuy Partnership's part. The AAA terminated the arbitration only on October 4, 2005. As to bad faith, DePuy Partnership must now amend its complaint in this Court only because Mieyr acted in bad faith by refusing to proceed in the parties' agreed forum.

In its February 22, 2005 Order, the Court noted that DePuy Partnership could seek its damages for Mieyr's sales to the four named physicians. DePuy Partnership's proposed amendment will not prejudice Mieyr because DePuy Partnership merely seeks to recover the damages that it previously pursued in the arbitration and the damages resulting from Mieyr's refusal to participate in the arbitration. Mieyr's own conduct necessitated the proposed Amended Complaint.

## CONCLUSION

For all of the above-stated reasons, the Court should lift the agreed stay that the Court entered on June 6, 2005 and allow DePuy Partnership to file an Amended Complaint in the form attached as <u>Exhibit 1</u> to DePuy Partnership's Motion to Lift Stay and for Leave to File Amended Complaint, filed herewith.

DEPUY HOLDING CORPORATION, INC.
As It Is General Partner of DEPUY SPINE
SALES LIMITED PARTNERSHIP,

By Its Attorneys,

        /s/Joseph F. Shea
Joseph F. Shea (BBO #555473)
Eric P. Magnuson (BBO #643805)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA  02210-9628
(617) 439-2000

Dated:  October 5, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by U.S. mail upon the attorney of record for each party who did not receive electronic service of this document.

        /s/ Nancy E. Maroney
1.                Nancy E. Maroney
Dated:  October 5, 2005

1462301.1

- 7 -

SEP. 21. 2005 11:07AM   MA Wilkes                    617-864-666  NO. 009   P. 3/3

## American Arbitration Association

In the Matter of the Arbitration between:

Re: 11 180 J 00435 05
DePuy Spine Holding Corp., as it is General Partner
of DePuy Spine Sales Limited Partnership
and
John Mleyr and Trinity Spine, Inc.

### Case Management Order No. 4

I, the undersigned arbitrator, designated in accordance with the parties' arbitration agreement dated March 29, 2004, hereby order as follows:

In accordance with the Commercial Arbitration Rules and Mediation Procedures, as amended and in effect July 1, 2003, Rule R-54, administration on this matter was suspended by Order dated August 1, 2005. Inasmuch as full deposits have not yet been received, the prior order is extended for an additional fourteen (14) days from the date of this order.

If full deposits are not paid with fourteen (14) days, administration of the matter will be terminated.

_Sept. 20, 2005_
Date

_Mary Allen Wilkes_
Mary Allen Wilkes,
Chairperson for the Panel

I, Mary Allen Wilkes, do hereby affirm upon my oath as Arbitrator that I am the individual described in the above order and who executed this instrument, which is my Order.

_Sept. 20, 2005_
Date

_Mary Allen Wilkes_
Mary Allen Wilkes
Chairperson for the Panel

RECEIVED TIME SEP. 20. 4:11PM