UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEPUY SPINE HOLDING CORPORATION, INC. as General Partner of DEPUY SPINE SALES LIMITED PARTNERSHIP,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOHN MIEYR and TRINITY SPINE, INC.,<br><br>　　　　Defendants. | Civ. Action No. 05-10270-RGS |

## DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Now come the Defendants, John Mieyr ("Mieyr") and Trinity Spine, Inc. ("Trinity Spine") (collectively, "Defendants") for their answer to the specific allegations of Plaintiff's First Amended Complaint, and admit, deny or otherwise aver as follows:

1.　Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2.　Defendants admit that Trinity Spine is a Texas Corporation but deny that its principal place of business is in Cooleyville, Texas and further answering state that its principal place of business is in Colleyville, Texas.

3.　Defendants deny that Mieyr is an individual residing in Cooleyville, Texas and further answering state that Mieyr is an individual residing in Colleyville, Texas.

4.　Defendants admit that the Plaintiff and Defendants are citizens of different states and admit that this Court has limited jurisdiction of this dispute, as set forth in the Agreement

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**, Page 1

entered into between the parties, a copy of which is attached as Exhibit A to the Amended Complaint, but deny the remaining allegations of Paragraph 4 of the Amended Complaint.

5. Defendants admit that this Court has limited jurisdiction of this dispute, as set forth in the Agreement entered into between the parties, a copy of which is attached as Exhibit A to the Amended Complaint, and admit that venue is proper in this District (of Massachusetts) but deny the remaining allegations of Paragraph 5 of the Amended Complaint.

6. Defendants admit that on or about May 29, 2004, DePuy Spine Sales Limited Partnership entered into an Agreement with Meiyr and Trinity Spine, a true and complete copy of which is attached as Exhibit A to the Amended Complaint. Defendants further answer that the Agreement speaks for itself, and deny the remaining allegations of Paragraph 6 of the Amended Complaint.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint. To the extent a further or other response is required, such allegations are denied.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint. To the extent a further or other response is required, such allegations are denied.

9. Denied.

10. Defendants admit that the Agreement expired on December 31, 2004, and deny the remaining allegations of Paragraph 10 of the Amended Complaint. Defendants further answer that Plaintiff promised Defendants that the Agreement would be renewed in a multiple-year contract if Trinity Spine met quota, which it did.

11. Defendants admit that Paragraph 4(f) of the Agreement provided certain restrictive

covenants. Defendants deny the remaining allegations in Paragraph 11 of the Amended Complaint.

12. Defendants admit that Paragraphs 12 and 13 of the Agreement set forth certain agreements between the parties regarding equitable relief and jurisdiction, among other things, the terms of which speak for themselves. To the extent that the allegations of Paragraph 12 of the Amended Complaint mischaracterize or change the provisions thereof, such allegations are denied.

13. Defendants admit that the Agreement contains an Arbitration clause.

14. Defendants admit that the Agreement set forth a time period by which resolution was to have occurred.

15. Defendants admit that a Preliminary Injunction was issued. Defendants deny the remaining allegations of Paragraph 15.

16. Admitted.

17. Defendants admit that an arbitration was appointed on or around April 29, 2005. Defendants deny the remainder of Paragraph 17.

18. Admitted.

19. Denied. Defendants do admit that Mieyr did not pay certain fees to the AAA.

20. Admitted.

<u>**Count I**</u>
**(Breach of Contract)**

21. Defendants reassert, re-allege and incorporate by reference as if set forth fully herein, their responses to the allegations in Paragraphs 1-20, above.

22. Denied.

23. Denied.

**Count II**
**(Misappropriation of Trade Secrets/Confidential Information)**

24. Defendants reassert, re-allege and incorporate by reference as if set forth fully herein, their responses to the allegations in Paragraphs 1-23, above.

25. Defendants admit that Paragraphs 4 and 6 of the Agreement contain certain representations regarding, among other things, the receipt of allegedly confidential information, but Defendants deny that such confidential information was actually received and deny the remaining allegations of Paragraph 18 of the Amended Complaint.

26. Denied.

27. Denied.

**Count III**
**(Unfair Competition)**

28. Defendants reassert, re-allege and incorporate by reference as if set forth fully herein, their responses to the allegations in Paragraphs 1-27, above.

29. Denied.

30. Denied.

**Count IV**
**(Breach of Contract – Agreement to Arbitrate)**

31. Defendants reassert, re-allege and incorporate by reference as if set forth fully herein, their responses to the allegations in Paragraphs 1-30, above.

32. Denied.

33. Denied.

**Count IV**
**(Violation of G.L. c. 93a)**

34. Defendants reassert, re-allege and incorporate by reference as if set forth fully

herein, their responses to the allegations in Paragraphs 1-33, above.

35. Cannot admit or deny.

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Amended Complaint is barred by the doctrine of laches.

3. Plaintiff's Amended Complaint is barred by the doctrine of estoppel.

4. Plaintiff's Amended Complaint is barred by the doctrine of unclean hands.

5. Plaintiff's Amended Complaint is barred by its own breach of a material term(s) of the Agreement.

6. Plaintiff's Amended Complaint is barred because Plaintiff fraudulently induced Defendants to enter into the Agreement.

7. Plaintiff's Amended Complaint is barred because enforcement of the Agreement would violate public policy.

## PRAYER

Wherefore Defendants pray that the claims filed against them be dismissed with prejudice and for all relief in law or in equity to which the Defendants are entitled.

Respectfully Submitted,

**JOHN MIEYR AND TRINITY SPINE, INC.**

By their Attorneys,


  *Robbyn P. Wysocki*
Robbyn P. Wysocki
BBO# 662172
Texas State Bar No. 22115600
McCUE WYSOCKI, P.C.
14135 Midway Road, Suite 250
Dallas, Texas 75254
(972) 490-0808

Jeffrey A. Dretler
BBO #558953
PRINCE, LOBEL, GLOVSKY & TYE LLP
585 Commercial Street
Boston, MA  02109
(617) 456-8000